### EARL v. CROUCH.

*(Supreme Court, General Term, Fifth Department. June 20, 1890.)*

NEGLIGENCE—DANGEROUS PREMISES—SUFFICIENCY OF EVIDENCE.

Where defendant caused lumber to be placed in a street, the mere fact that a child about five years old, in attempting to climb upon the pile, pulled it over upon himself, was sufficient evidence of defendant's negligence to make a question for the jury.

Appeal from circuit court, Monroe county.

Action by William E. Earl, as administrator, etc., against George W. Crouch, Jr. The court directed a verdict for the defendant, and dismissed the complaint, from which plaintiff appeals.

Argued before DWIGHT, P. J., and CORLETT, J.

*Thos. Raines,* for appellant. *Wm. F. Cogswell,* for respondent.

DWIGHT, P. J. The action was for damages by the death of the plaintiff's intestate, caused by the alleged negligence of the defendant. The only question presented on this review is whether a case was made for submission to the jury on the question of the defendant's negligence. The defendant, who was a lumber dealer, had sold lumber to a neighbor of the plaintiff to be used in the construction of a house, and, there not being room on the lot for piling the lumber, had piled it on the street in front of the lot. The plaintiff's intestate, a boy of four years and eleven months old, playing on the street, in attempting to climb upon the pile, had pulled it over upon himself, and was killed. There was no charge of contributory negligence either on the part of the child or of his mother, who had a few moments before permitted him to go out to play. The only question in the case as submitted to us was whether there was actionable negligence on the part of the defendant in respect to piling the lumber. The result demonstrated that it was piled in such a manner that the weight of a little child climbing upon it on the side towards the curbstone was liable to throw it down, and other evidence was given as to the manner in which the pile was constructed. We think the question above stated should have been submitted to the jury. Assuming that the defendant had a right, under the circumstances, to pile the lumber in the street, it was undoubtedly his duty to pile it in such position and in such manner as not unnecessarily to impede the public use of the highway, and still more so as not to endanger the life or limb of those passing therein. He was bound to know that young children were likely to be at play on the street, and it is probably not unreasonable to charge him with the knowledge that a pile of new lumber is a very attractive object to such children, and is likely to become the scene of their exploits and sports. . Unquestionably, reasonable care is required of the person erecting such an object on the public street that it shall not be a source of danger to any person using the street in any reasonable or ordinary manner. It was for the jury to say whether precisely what this little boy did was not one of those things that was to have been expected to occur, and against the fatal consequences of which the defendant ought to have used reasonable care to provide. That this lumber could have been piled in such a way as not to have been precipitated by the weight of a child of five years of age is undoubtedly true. Whether, in the exercise of reasonable care, it would have been so piled seems really to be the only question in this case. The cases of *Kunz* v. *City of Troy,* 104 N. Y. 344, 10 N. E. Rep. 442; *Bransom's Adm'r* v. *Labrot,* 81 Ky. 638; *Lynch* v. *Nurdin,* 41 E. C. L. 422,—are all in the line of the reasoning here suggested. As we have indicated, no question of contributory negligence was made. It was of course conceded that the child himself was *non sui juris,* and therefore incapable of negligence, and any possible question of the negligence of the person having him in charge was expressly waived, at least for the purpose of this appeal.

We think it was error to take the question of the defendant's negligence from the jury, and that for that reason the judgment must be reversed, and a new trial granted. Judgment reversed, and a new trial granted, with costs to abide the event.