## EARL v. CROUCH.

(Supreme Court, General Term, Fifth Department. October 23, 1891.)

1. NEGLIGENCE—PILING LUMBER.
   A person who piles lumber near a sidewalk in such a manner that a child's attempting to climb on it will cause it to fall is guilty of such negligence as will render him liable for injuries caused to a child thereby.

2. SAME—EVIDENCE.
   In an action for such negligence, evidence that other lumber dealers were accustomed to pile lumber in the same manner is incompetent.

3. SAME—INSTRUCTIONS.
   In such action an instruction that "in coming to the conclusion whether the lumber was piled properly, with the ordinary care of a prudent man, the question for you is not what men do do, but what men ought to do," is not error.

Appeal from circuit court, Monroe county.

Action by William E. Earl, administrator of William E. Earl, Jr., against George W. Crouch, Jr., for the death of plaintiff's intestate. Verdict and judgment for plaintiff. Defendant appeals. Affirmed. For decision on former appeal, see 10 N. Y. Supp. 882.

Argued before DWIGHT, P. J., and LEWIS and MACOMBER, JJ.

William F. Cogswell, for appellant. Raines Bros., for respondent.

LEWIS, J. The plaintiff, as administrator of the goods, etc., of William E. Earl, Jr., deceased, brought this action against the defendant to recover damages for the death of the deceased by the negligent act of the defendant. The defendant caused to be placed near the sidewalk upon Brighton avenue, in the city of Rochester, a pile of lumber five feet wide, and three feet to three feet six inches high. That part of the pile which caused the deceased's death was composed of hemlock lumber two inches thick and six inches wide, and from twelve to fourteen feet long. The lumber was piled by placing one piece over another in tiers. Nothing was used to bind the tiers together. The tier nearest the sidewalk leaned about two inches from perpendicular away from the balance of the pile. The deceased was a child four years and eleven months old, residing upon the street near the pile. He went from his home, and was found dead under the lumber which composed the tier next the sidewalk. All this tier, except the three lower pieces, had fallen out towards the sidewalk upon the child. The position of the deceased's body and arms indicated that he had taken hold of the lumber with his hands with a view, probably, of climbing upon the pile, and thereby caused the lumber to fall. Questions of fact are not before us for review; the appeal is from the judgment only. The appellant does not claim that the child was sui juris, or that its parents were guilty of negligence contributing to its death. At the close of the testimony the defendant's counsel asked the court to direct a verdict for the defendant. The request was refused, and defendant duly excepted. There was abundant evidence that the lumber was piled in a negligent, careless manner, instead of piling it so that the tiers would rest against and support each other; the tier that fell was so piled that the slight force applied to it by the child toppled it over. Fixing such a trap upon a street in an inhabited part of a city, with the strong probability that children would be playing about it at all hours of the day, was reckless, culpable negligence. The question whether the timber should have been bound was litigated. The defendant was permitted, against the objections of the plaintiff, to prove by dealers in lumber in Rochester that it was not customary to use binders when delivering lumber in small quantities. The manner of piling this lumber was fully described to the jury, and they were competent to decide whether it was in a safe condition. Evidence that other Rochester dealers were accustomed to leave lumber in the condition this was, was incompetent, and is so decided in many cases. In *Wright* v.

*Boller*, 42 Hun, 77, it was held that such evidence was incompetent. Exception was taken to the charge of the court "that in coming to the conclusion whether the lumber was piled properly, with the ordinary care of a prudent man, the question for you is not what men do do, but what men ought to do." We find no error here; it was within the doctrine of *Wright* v. *Boller.* Negligent conduct on the part of other dealers could not make a negligent act proper. The judgment should be affirmed, with costs of the appeal against the appellant. All concur.