JAMES TIERNEY, JR., an Infant, by JAMES TIERNEY, His Guardian ad Litem, et al., Appellants, v. NEW YORK DUGAN BROTHERS, INC., Respondent.

Argued January 8, 1942; decided March 19, 1942.

*Charles Gold, Lawrence Isaacs* and *Joseph E. Weil* for appellants. The driver of an electric truck parked on a public highway owes a duty to use reasonable care towards children who might enter the truck in the usual course of play. (*Boylhart* v. *DiMarco & Reimann, Inc.*, 270 N. Y. 217; *Long* v. *City of Dunkirk*, 260 N. Y. 599; *Kunz* v. *City of Troy*, 104 N. Y. 344; *Gallagher* v. *Fordham & Loring Corp.*, 13 N. Y. Supp. [2d] 322; *Keenan* v. *Lawyers Mortgage Co.*, 254 App. Div. 348; 280 N. Y. 525; *Gumbrell* v. *Clausen-Flanagan Brewery*, 199 App. Div. 778; *Albano* v. *Tapley & Co.*, 199 App. Div. 916; *Lee* v. *Van Buren & New York Bill Posting Co.*, 190 App. Div. 742; *Earl* v. *Cronch*, 10 N. Y. Supp. 882; 131 N. Y. 613; *Mann* v. *Parshall*, 229 App. Div. 366; *Connell* v. *Berland*, 233 App. Div. 234; 248 N. Y. 641.) There was sufficient evidence of the defendant's negligence shown to sustain the verdicts of the jury. (*Gumbrell* v. *Clausen-Flanagan Brewery*, 199 App. Div. 788; *Lee* v. *Van Buren & New York Bill Posting Co.*, 190 App. Div. 742; *Connell* v. *Berland*, 223 App. Div. 234; 248 N. Y. 641.)

*George J. Stacy* and *Paul L. Murphy* for respondent. The infant plaintiff was a trespasser. Defendant was not negligent, and plaintiffs did not prove the allegations of their complaint. (*Thibodeau* v. *Gerosa Haulage & Warehouse Corp.*, 252 App. Div. 615; 278 N. Y. 551; *Maloney* v. *Kaplan*, 233 N. Y. 426; *Mendelowitz* v. *Neisner*, 258 N. Y. 181; *Walker* v. *Bachman*, 268 N. Y. 294; *Morse* v. *Buffalo Tank Corp.*, 280 N. Y. 110; *Palladino* v. *Onondaga County Sav. Bank*, 255 App. Div. 929; *Vincent* v. *Crandall & Godley Co.*, 131 App. Div. 200; *Touris* v. *Brewster & Co.*, 235 N. Y. 226; *Kaplan* v. *Shults Bread Co.*, 212 App. Div. 110.)

CONWAY, J. The plaintiff, a child of five years of age, suing through his guardian *ad litem*, and his father had jury verdicts for personal injuries and loss of services. The Appellate Division reversed upon the law and the facts and dismissed the complaint upon the law.

The defendant was making deliveries upon one of the streets in the county of Queens in June. Its electric truck had a platform about nine inches above the sidewalk and one could enter upon the platform from either side of the vehicle. There was a sliding door on each side which could be closed and locked. They were closed and locked in cold but not in warm weather. There was no driver's seat. There were, among others, two mechanical devices installed which were operable from the platform. Those were a safety switch and a power lever. There was a key for locking the safety switch. In order to start the car it was necessary to turn the safety switch and push the power lever. Both those devices were manipulated very easily.

The driver testified that he parked the truck, threw off the power, applied the emergency brake and turned off the switch. He left both sliding doors opened and unlocked. He left the safety switch unlocked. He did not have a key to lock it. Without a key, there might as well have been no safety switch. Had either the doors been closed and locked or the safety switch locked, it would have been impossible to put the truck in motion.

As the driver left the car, in order to make a delivery, he testified that he saw three children, of whom the infant plaintiff was one, " right at the truck ready to get into it " and that he warned them not to enter it. He also testified that children generally were in the habit of playing in and about the car.

He left it so parked that, when he went to the house where he was to make a delivery, he could not see the platform with the instruments but only the rear portion of the truck.

The infant plaintiff and the other two children played in and about the truck. They set it in motion. It began to move diagonally across the street under power, but slowly, since the emergency brake was set. Two of the children jumped off. The infant plaintiff hung on to the side door and then fell or jumped and was injured when caught between the truck and curb.

We think it was a question of fact for a jury as to whether or not defendant exercised ordinary prudence under the circumstances. " Among the members of the public to whom the duty of care was owing were children playing on the street, since their proclivities as matter of common knowledge might draw them to such objects

in the course of play. (*Earl* v. *Crouch*, 57 Hun, 586; 61 Hun, 624; affd., 131 N. Y. 613; *Kunz* v. *City of Troy*, 104 N. Y. 344; *Long* v. *City of Dunkirk*, 260 N. Y. 599; cf. Restatement of the Law of Torts, § 302, subd. m.) " (*Boylhart* v. *DiMarco & Reimann, Inc.* [CROUCH, J.], 270 N. Y. 217, 221.) In that instance the objects were steel beams piled insecurely in the highway.

A dangerous attraction in a public highway may impose liability to a child on the part of the one responsible therefor, because of failure to exercise due care although there would be no liability if the attraction were upon private premises where the child had no right to go. In the instance presented here the defendant, in connection with its business, was practically using the sidewalk as a part of its automobile platform. (For the distinction indicated, see *Walsh* v. *Fitchburg R. R. Co.*, 145 N. Y. 301, at 311, 312; Note on Attractive Nuisances, subdivision Attractions in Highways, 36 A. L. R. 34 at 148 *et seq.; Nagle* v. *N. Y. Edison Co.*, 281 N. Y. 727 [tool cart left at night in a " play street " in New York city]; *Morse* v. *Buffalo Tank Corp.* [FINCH, J.], 280 N. Y. 110 at 118; *Long* v. *City of Dunkirk, supra*.)

It was the duty of the operator of the motor vehicle involved here, when he permitted it to be unattended, to leave it in such condition that it could not be put in motion except by the intervention of an external cause not to be anticipated or guarded against. (*Maloney* v. *Kaplan*, 233 N. Y. 426, 430.) In that case, as was pointed out in the opinion, there was no unusual situation presented " where the danger was apparent of interference by little children indulging in their natural instincts of play (*Lynch* v. *Nurdin*, 1 Adol. & El. [N. S.] 29; *Walsh* v. *Fitchburg R. R. Co.*, 145 N. Y. 301), or by meddlesome or mischievous boys (*Luedeke* v. *N. Y. C. & H. R. R. R. Co., supra*)." Here a jury might say that there was and that is the determining factor distinguishing from the instant one the cases of *Thibodeau* v. *Gerosa Haulage & Warehouse Corp.* (252 App. Div. 615; affd., 278 N. Y. 551) and *Mann* v. *Parshall* (229 App. Div. 366).

In *Connell* v. *Berland* (FINCH, J.) (223 App. Div. 234; affd., 248 N. Y. 641) we held that the question of negligence was for the jury where defendant parked his automobile, which was equipped with a self-starter, in a congested street, where he knew children

were constantly playing, with the door unlocked and with the ignition key in the switch and it was thereafter set in motion by a boy. There the gears were in neutral so that there was required, as in the instant case, two different manipulations of mechanical contrivances to start the car. There again we had the conceded knowledge of defendant that small children were playing about the instrumentality left unattended and we held that it was a question for a jury as to whether their subsequent conduct might have been anticipated by the exercise of reasonable care and ordinary prudence under the circumstances. The situation here is indistinguishable.

The judgments should be reversed and a new trial granted, with costs to abide the event.

LEWIS, J. (dissenting). I accept the statement of legal principles to be found in the prevailing opinion. I find it difficult, however, to accept the majority view because, in my judgment, the rulings cited in its support are not applicable to undisputed facts in this case which favor the ruling by the Appellate Division.

Briefly as to the facts: A route salesman was making house-to-house deliveries of the defendant's bakery products. In doing so a light electric truck was employed which had a small cab with a sliding door on either side and a floor which was fifteen inches above the pavement. There was no seat in the cab, the vehicle being operated by the salesman from a standing position back of the steering wheel and within reach of the control mechanism. Within but a few moments prior to the accident the defendant's truck was passing along a level street in the borough of Queens when it stopped at the curb in front of a house where the salesman was to make a delivery. Having turned off the power by means of a switch which controls it, and having put the power lever in its neutral position, the salesman set the emergency brake, put his delivery basket on his arm and left the truck. As he did so he passed three children — including the infant plaintiff then six years old — who stood " right at the truck ready to get into it." Instead of paying no heed to the three children the salesman gave them a sharp warning which was definite and clear — " I told them not to go into the truck, they will get hurt." A brief time thereafter — while the salesman was standing at the door of his customer's home and within sight of the rear of the truck — his

attention was attracted by a noise from his truck. As he turned he saw the vehicle moving slowly forward along the level pavement. With the emergency brake set the truck's speed could not, and did not, develop more than two miles an hour. So it was that the salesman was able quickly to overtake the slowly moving truck, at the door of which stood the infant plaintiff alone. The salesman called out to him not to step off but his warning was of no avail. Personal injuries were sustained by the child when he jumped from the truck platform and fell between the truck and the curb.

We are thus dealing with facts which differ in vital points from those upon which rest the rulings cited by the majority opinion. Here it must be conceded a truck was stopped on a level pavement with power turned off, transmission mechanism at neutral, and the emergency brake set. In addition there is the important undisputed fact that a clear warning was given to the infant plaintiff which amounted to a command not to do the very thing which later led to personal injuries sustained by the child for which, it is said, a jury may hold the defendant liable. I find in the record no evidence from which a jury could find a breach of legal duty by the defendant's salesman. In my opinion the standard of care which the decision about to be made demands of the defendant's agent is more exacting than was legally due the infant plaintiff in the circumstances proven. (*Maloney* v. *Kaplan*, 233 N. Y. 426, 428, 429.)

Accordingly, I dissent and vote for affirmance.

LEHMAN, Ch. J., LOUGHRAN, RIPPEY and DESMOND, JJ., concur with CONWAY, J.; LEWIS, J., dissents in opinion in which FINCH, J., concurs.

Judgments reversed, etc.