Anna Gibaldi, an Infant under the Age of 14 Years, by Her Guardian ad Litem, Gasper Gibaldi, Appellant, v. South Brooklyn Savings Bank, Respondent.— Appeal from a judgment dismissing the complaint after plaintiff's opening to the jury as follows: Plaintiff, a girl of eleven years of age, lived in a house owned by defendant; her parents turned on the lights and swept the halls of the house; in front of the house was a small yard separated from the sidewalk by an iron grill fence; for two years before the accident the fence had fallen over time and again and was always put back in a makeshift way by tying it with either cord or wire; defendant knew of the condition; on the day of the accident, which was a Sunday, plaintiff and her sister were returning from church; the iron fence was lying on the sidewalk; she and two other girls lifted the fence up to get it back to its former position; while this was being done, one of the girls let go her end of the fence and plaintiff was struck by part of the fence. A jury might have found that the fence fell to the sidewalk and became an obstruction because of defendant's failure, in the exercise of reasonable care, to have it properly secured, and that in the exercise of ordinary prudence, it should have anticipated that it was likely that, if it did fall, children might attempt to replace it and be hurt in attempting so to do. It, therefore, would be chargeable with negligence. (*Tierney* v. *New York Dugan Bros., Inc.*, 288 N. Y. 16; *Kunz* v. *City of Troy*, 104 id. 344.) The question of contributory negligence would be for the jury.

Judgment dismissing the complaint reversed on the law and a new trial granted with costs to appellant to abide the event. Lazansky, P. J., Carswell, Adel, Taylor and Close, JJ., concur.