## ANNE WANNEBO v. ELNATHAN GATES AND ANOTHER.[1]

November 26, 1948.

No. 34,713.

*Meagher, Geer & Markham* and *Clyde F. Anderson,* for appellants.

*R. S. Lammers* and *Allan L. Johnson,* for respondent.

MAGNEY, JUSTICE.

Defendants appeal from an order overruling a demurrer to the complaint herein, the question presented having been certified as important and doubtful.

On July 2, 1947, defendant Frances L. Gates parked a car owned by defendant Elnathan Gates on a public street in a business area in Minneapolis. She went shopping and left the car unattended and the doors and ignition unlocked. The key was not removed from the ignition switch and taken with her. The car was stolen. That

---

[1]Reported in 34 N. W. (2d) 695.

night, at about 11:30, the stolen car, negligently operated by a person unknown, collided with plaintiff's automobile, damaging the same and injuring plaintiff. The above facts state briefly the material allegations of the complaint to which defendants demur.

A part of § 11 of an ordinance of Minneapolis, known as the Traffic Ordinance (Vol. 70, Council Proceedings, 1944-1945, p. 800), in force at that time, reads as follows:

"Every person parking a passenger automobile on any public street or alley in the City shall lock the ignition, remove the key and take the same with him."

In this appeal, there is no question raised as to the negligence of defendants. They deny liability solely on the ground that the damage complained of was not the proximate result of a violation of the ordinance. Therefore, this is the question presented to us: Can it be said as a matter of law that the criminal act of the thief in stealing the car from its parked position on a public street and the subsequent negligent operation of the car by a party or parties unknown, presumably the thief, at a place probably five miles or a little more distant from where the car was parked when it was stolen, and at a time several hours after the theft, constituted an intervening efficient cause which insulated defendants' acts from liability?

Several cases have arisen in other jurisdictions where the fact situation is similar or somewhat similar. In our jurisdiction, Kennedy v. Hedberg, 159 Minn. 76, 198 N. W. 302, has been cited as most nearly analogous. However, it is of little assistance here because of the dissimilarity in facts. In the Kennedy case, defendant parked his car on a city street in Minneapolis with the motor running. A statute prohibited the parking of a car unattended with the motor running. While defendant was gone, a passenger whom he had left sitting in the car, thinking the car was parked in a prohibited zone, proceeded, without any authorization from defendant, to move it, and, because of his unfamiliarity with the operation of the car, he drove it up onto the sidewalk and struck a pedestrian. As the car was not left unattended, there was no violation of the statute. How-

ever, in affirming the order of the trial court in granting judgment notwithstanding the verdict, this court observed (159 Minn. 79, 198 N. W. 303):

"It is unnecessary to enter upon a discussion of the doctrine that legal responsibility for an accidental injury cannot be fastened upon a man, unless his act or failure to act was the proximate cause of the injury. If his act or omission only became injurious through some distinct wrongful act of another, the last act is the proximate cause and the injury will be imputed to it. [Citing cases.] In a legal sense there was no causal connection between Hedberg's failure to stop the motor and the accident. His omission was merely an incident in the sequence of events which preceded the accident."

The weight of authority in outside jurisdictions is to the effect that, in situations similar to ours, the negligence of the actor is insulated by the act of an intervening efficient cause. As the cases are few, we shall review them. In Slater v. T. C. Baker Co. 261 Mass. 424, 425, 158 N. E. 778, cited most often, a statute required that "automobiles shall be provided with a lock, a ratchet brake which can be set, a key or other device to prevent such vehicle from being set in motion by unauthorized persons." A parked car was left unlocked with the key in the lock and the ratchet brake not set. The car was stolen, and the thief drove it at a high rate of speed through the public streets a distance of a mile and a half to the place where the accident, caused by the thief's negligence, happened. Plaintiffs contended that the defendant's negligence in leaving the automobile unlocked was the proximate cause of the accident. The court denied recovery, holding that the larceny of the automobile and its use by the thief were intervening independent acts, which the defendant was not bound to anticipate and guard against. It is to be observed that this accident happened while the thief was in flight. Sullivan v. Griffin, 318 Mass. 359, 61 N. E. (2d) 330, followed the Slater case. In the Sullivan case, a car which had been left unattended and unlocked, with the key in the ignition, was stolen. The thieves drove it about for an hour and then parked it a mile from defendant's

home. Later the thieves returned to the car, and it was driven around by them until the accident happened. The court said (318 Mass. 361, 61 N. E. [2d] 332) :

"* * * Theft of the automobile was undoubtedly a consequence intended to be prevented by the statute if not by traffic regulation. But it is quite another thing to say that injuries sustained through the operation of the automobile by thieves in the circumstances here disclosed were consequences intended to be prevented. 'Negligence consisting in whole or in part of violation of law, like other negligence, is without legal consequence unless it is a contributing cause of the injury. * * *' [Citing cases.] * * * The plaintiff's contentions go far toward making the defendant an insurer as to the consequences of every accident in which his automobile might become involved while operated by the original thieves or their successors in possession. This is a course upon which, even if it were open, we decline to embark. See Am. Law Inst. Restatement: Torts, § 447, comment g."

It is to be noted in the Sullivan case that the accident did not happen while the thieves were in flight. In Massachusetts, therefore, the same result follows whether the thieves were in flight or not at the time of the accident.

Malloy v. Newman, 310 Mass. 269, 37 N. E. (2d) 1001, cited by the trial court in support of plaintiff's position, was decided after the Slater and before the Sullivan cases. The car in the Malloy case was parked on a public street with the doors unlocked and the key in the ignition. The car was stolen, and within two hours an accident happened through the negligence of the thief. The court held that the negligent conduct of the owner might properly be found to have been the proximate cause of the accident. There is one feature in the Malloy case which distinguishes it from the Slater case, and apparently the decision of the court was based on that feature of the case. In the Malloy case, defendant had no permit to operate his car in Massachusetts, as required by law. His car could not lawfully be operated or be permitted to remain upon a Massachusetts high-

way. The court observed that there was evidence on the part of defendant which was not present in the Slater case, namely, that the defendant's car was not registered as the statute required. It thus distinguished the two cases. The Slater case was not overruled by the Malloy case. It was expressly so stated in the later Sullivan case.

In Walter v. Bond, 292 N. Y. 574, 54 N. E. (2d) 691, a taxicab driver left his car parked in the street unattended, with doors unlocked and ignition key in switch. His passenger, who had not discharged the cab and who was intoxicated, to the knowledge of the cab driver, went to a doctor's office, and the driver to a tavern. When the passenger returned, he entered the cab and drove it onto the sidewalk, injuring plaintiff. The complaint against the taxicab owner was dismissed.

In Wilson v. Harrington, 295 N. Y. 667, 65 N. E. (2d) 101, the court of appeals of New York affirmed a judgment of the appellate division of the supreme court, which in turn had affirmed a judgment of the supreme court in favor of defendant. Defendant testified that his car had been stolen early in the morning from in front of a club in the city of Watertown. The collision occurred outside the city during the same early morning. The appellate division had held that an automobile owner did not become liable for injuries suffered in a collision while his automobile was being driven by a thief, on the theory that the owner, by leaving the keys in the automobile, started a chain of events which led to and proximately caused the accident. A fair inference is that the accident happened while the thief was in flight. To the same effect, see Lotito v. Kyriacus, 272 App. Div. 635, 74 N. Y. S. (2d) 599.

In Castay v. Katz & Besthoff (La. App.) 148 So. 76, a driver left his parked truck unattended in the street with the engine running. A thief stole the truck and shortly after crashed into another truck five blocks away. Apparently the accident happened while the thief was in flight. The court held that the intervening act of the thief was the efficient cause proximately causing the accident, and that the owner of the truck was not liable. For purposes of the

decision, it was conceded that the driver was negligent. The court cited with approval Slater v. T. C. Baker Co. 261 Mass. 424, 158 N. E. 778, *supra,* and stated (148 So. 78):

. "The theft of defendant's motortruck and the negligent injury of plaintiff by the thief was, we believe, a consequence too remote to have been reasonably within the contemplation of defendant's driver when leaving the parked truck with the motor running, and the intervening act of the thief was sufficient to break the sequence of defendant's negligence so as to establish the intervening cause as the efficient one proximately causing the accident."

In Maggiore v. Laundry & Dry Cleaning Service, Inc. (La. App.) 150 So. 394, a later case, the court referred to the Castay and Slater cases and found the Maggiore case not in conflict with said cases.

So far we have considered cases called to our attention which support defendants' position. Plaintiff relies on Ostergard v. Frisch, 333 Ill. App. 359, 77 N. E. (2d) 537, and Ross v. Hartman, 78 U. S. App. D. C. 217, 139 F. (2d) 14, 158 A. L. R. 1370, and we shall proceed to consider them.

In the Ostergard case, defendant parked his car on the street and left it unlocked, with the key in the ignition. It was stolen. The thief, while driving the car about six and a half blocks from the place of the theft, collided with plaintiff's car. The court was convinced that the accident happened during the flight of the thief from the scene of the theft. The Illinois statute is similar to the Minneapolis ordinance. By a two-to-one decision, the court held with the plaintiff. It is evident from a reading of the opinion, and so stated in the dissent (333 Ill. App. 370, 77 N. E. [2d] 542), that the collision "happened during the flight of the thief from the scene of the theft," and that the decision is based on that fact feature of the case. The court stated (333 Ill. App. 368, 77 N. E. [2d] 541):

"* * * He [the owner of the car] must foresee that the thief who steals his car will not be concerned, *when fleeing from the scene of the theft,* about the rule of care and diligence in driving the car,

which a driver is required under the law to exercise." (Italics supplied.)

The presiding justice in his dissent contended that the record did not support the statement in the majority opinion that the accident occurred while the thief was in flight from the scene of the theft, and that the question which was actually presented to the court was as to the (333 Ill. App. 371, 77 N. E. [2d] 542) "liability of the owner of an automobile who leaves it parked on a public street with the key in the ignition and the doors unlocked, for damages caused by the negligent operation of the car by a thief not in flight from the scene of his crime." And that is the question submitted to us here. Whether the majority in the Ostergard case would have decided differently had they found that the thief was not in flight from the scene of his crime at the time the accident happened cannot, of course, be determined.

The Ross case, relied upon by plaintiff, is the leading case holding an owner liable. In that case, defendant's agent left a truck unattended in a public alley, with the ignition unlocked and the key in the switch. This was in violation of a traffic ordinance. There is nothing in the statement of facts to indicate whether the accident happened while the thief was in flight. All the opinion recites is that (78 U. S. App. D. C. 217, 139 F. [2d] 14) "Within two hours an unknown person drove the truck away and negligently ran over the appellant." That would seem to indicate that the thief was still in flight. The court held that the violation of the ordinance was negligence and constituted the "proximate cause" of the injury, rendering the owner liable therefor. If we assume that the court would have come to the same conclusion if the facts had shown that the accident happened at a time when the thief's flight was over, say, several hours after the theft, as in the instant case, then, of course, the Ross case would fully sustain plaintiff's position. The same would be true of the Ostergard case.

In the instant case, it is a fair assumption from the complaint that the thief was no longer in flight when the collision occurred. The accident happened about five miles from the scene of the theft

and several hours after the same had taken place. What we might hold if the accident had taken place while the thief was in flight from the scene of his crime is of no importance here, as the thief was no longer in flight. Under our facts, we are one step farther removed from the theft. It has been suggested that a thief, fleeing in a car which he has just stolen, would, while driving, be nervous and full of fear of apprehension, and that these emotions would naturally make him an unsafe driver, which might be anticipated by an owner who left his car doors and ignition unlocked with the key in the ignition switch. But if the accident took place hours, days, or weeks after the flight had terminated, one could hardly say that the owner should anticipate that the thief or his successor in possession would be more likely to have an accident caused by his negligence than the ordinary car operator. The thief in the instant case was not in flight at the time of the accident. We are, of course, not suggesting what our holding might be if the accident had happened through the negligence of the thief while still in flight from the scene of his theft. Here, the nature of the admitted negligent act is such that the criminal act of stealing the car might reasonably have been foreseen. By that criminal act itself, the causal chain may not be broken. The question here, however, is how far that chain may be extended and still hold the original negligent actor liable. Even if one should be of the opinion that the tortious acts of a thief in fleeing in a stolen car from the scene of his crime would be within a foreseeable risk, where a car was left unlocked with the key in the ignition switch on a busy public street, yet it does not follow that the original actor should be held liable for the tortious acts of the thief or his successor in possession of the car if such acts took place hours, days, weeks, or months after the flight from the scene of the theft had terminated. Dean Prosser in his work on Torts on page 312 states:

"* * * As a practical matter, legal responsibility must be limited to those causes which are so closely connected with the result and of such significance that the law is justified in imposing liability.

Some boundary must be set to liability for the consequences of any act, upon the basis of some social idea of justice or policy.

"This limitation is sometimes, but rarely, one of the facts of causation. More often it is purely one of policy, not connected with questions of causation at all."

In the cases relied upon by plaintiff, the tortious acts of the thief took place while the thief was in flight in the stolen car from the scene of his crime. As has been stated, what these courts would have held if the tortious acts of the thief, or his successor in possession, had taken place some time after the flight was over, cannot, of course, be stated. No court, as far as we know, has held the original actor, who was negligent in leaving his car and ignition switch unlocked and in failing to take the key with him, liable when the tortious act of the thief took place, as in our case, some time after the flight was over.

In our opinion, the demurrer should have been sustained.

Order reversed.