In an action by a pedestrian to recover damages for personal injuries against tbe owner and operator of a motor vehicle, tbe appeal is from a judgment entered on a general verdict of tbe jury in favor of tbe pedestrian. While respondent was standing on a sidewalk waiting for a bus, the motor vehicle, which bad been parked on a street at tbe top of a grade about 600 feet away, rolled down the grade, mounted tbe sidewalk, and struck respondent, causing tbe injuries for which she seeks to recover damages in this action. Tbe case was submitted to tbe jury on two theories: (1) that appellants were negligent in parking tbe vehicle (Maloney v. Kaplan, 233 N. Y. 426), (2) that they were negligent, assuming there was intervention by meddlesome boys, in that they failed to take proper precaution against such intervention, which was foreseeable (Tierney v. New York Dugan Bros., 288 N. Y. 16). Judgment reversed, without costs, and new trial granted. While the evidence created a question of fact as to the first theory, it was insufficient to justify the submission to the jury on the second theory. There was no proof that appellants knew, or ought to have been warned, of the presence or probable presence of mischievous boys, or of any persons likely to start appellants’ vehicle without authority. There was nothing manifest to appellants which pointed to what occurred as a reasonably foreseeable result of the attendant circumstances. (Mann v. Parshall, 229 App. Div. 366, cited with approval in Tierney v. New York Dugan Bros., supra.) Since one of the theories was erroneously submitted to the jury and there was merely a general verdict, the judgment must be reversed as we have no way of determining upon which theory the case was decided. (Hansen v. New York City Housing Auth., 271 App. Div. 986.)
Nolan, P. J., Wenzel, Beldoek, Ughetta and Hallinan, JJ., concur.