Cobtlaxb A. Johxsox, J.
Motion to -dismiss the complaint pursuant to rules É06 and 107 of the Rules of Civil Practice. *871 SpeeificaEy, the movant contends that (a) facts sufficient to constitute a cause of action are not stated, (b) the plaintiff lacks capacity to sue, and (c) the alleged cause of action is barred by the Statute of Limitations.
In a lengthy complaint the plaintiff pleads that the defendants have perpetrated a fraud upon the beneficiaries of the estate of Sidney ft. Kent in failing to pay sums allegedly due for salary pursuant to a five-year contract of employment between Kent and the corporate defendant entered on June 27, 1941. Kent died on March 19, 1942. It is the contention of the plaintiff that the defendant was obligated to pay the sums even though Kent, the employee, had died. A copy of the written contract is annexed to the complaint. Upon examination it reveals no 'express provision that the contract was to survive the death of Kent: The terms of the contract clearly indicate that Kent’s existence whs basic to the obligations agreed upon. To avoid any dtitibt that the contract was to continue in the event of serious or prolonged illness (Strader v. Collins, 280 App. Div. 582, 586.), the parties expressly provided for such contingency. But the omission of an express provision for a continuance of the contract obligation after the death of Kent can Only mean that the usual rule of law respecting employment contracts whs to prevail — • “ that when performance depends on the continued existence of a given person or thing, and such continued existence whs assumed as the basis of the ágreement, the death of the person or the destruction of the thing puts an end to the obligation.” (Lorillurd v. Clyde, 142 N. T. 456, 462.)
AS it clearly appears that no contract Obligation survived the death óf Kent, the allegations of the cbmplaint respecting a conspiracy in 1943 among the defendants, the widow of Kent, and a former employee to Substitute the provisions of an earlier agreement are meaningless; The beneficiaries could not be defrauded of payments which the corporate defendant was not obliged to make.
If it were assumed that a cause of action was stated in the complaint, a dismissal would nevertheless be granted on the ground that such action on its face has not been brought within the time permitted by the Statute Of Limitations. This action was brought in September, 1958. It is based bn acts which occurred in 1943 Or prior thereto. There aré no factual aEegatidns showing active' fraud by the defendants, either by misrepresentation or concealment of material facts, nor are there any allegations of the time when the plaintiff discovered the alleged fraud. Absent Stích aEégtitions the cause of action is clearly *872 barred by either the six-year statute pertaining to contract actions or the ten-year statute relating to constructive fraud actions which run from the date the cause of action accrued in 1943.
Accordingly, the motion is granted on two grounds (1) that the complaint is insufficient, and (2) that the cause of action is barred by the Statute of Limitations. The other ground urged for a dismissal is not passed upon.
Order signed.