■ JAMES MEYERS, JR., an Infant, by His Guardian ad Litem James Meyers, et al., Respondents, v. 120TH AVENUE BUILDING CORP., Appellant, and 177 CONSTRUCTION CORPORATION, Respondent.— In an action by an infant to recover damages for personal injuries, and by his father for medical expenses and loss of services, the court, at the end of the entire case, dismissed the complaint as against 177 Construction Corporation and the cross complaint of 120th Avenue Building Corp. The jury rendered a verdict in favor of the infant and his father against 120th Avenue Building Corp. 120th Avenue Building Corp. appeals, as limited by its brief, from so much of the judgment entered thereon as is in favor of plaintiffs-respondents against it and as dismissed its cross complaint. Judgment insofar as it is in favor of plaintiffs-respondents against appellant reversed upon the law and the facts, without costs, and complaint dismissed. Judgment insofar as it dismisses appellant's cross complaint affirmed, without costs. Appellant, owner of a group of houses under construction, allowed a half-filled bag of cement and a metal drum containing a wet mixture to remain in the public sidewalk area where the walk had not yet been laid, and where neighborhood children were in the habit of playing. As the infant, then eight years of age, was holding the open end of the bag over the top of the drum, preparatory to pouring more cement into the wet mixture therein, the bag ripped near the open end. The wet mixture splashed up into the eyes of the infant, who was then standing with his head inclined over the top of the drum, thereby inflicting the injuries complained of. While it has been frequently stated that the general rule is that the doctrine of attractive nuisance does not apply in this State, "A *dangerous* attraction in a public highway may impose liability to a child on the part of the one responsible therefor, because of failure to exercise due care although there would be no liability if the attraction were upon private premises where the child had no right to go" ([emphasis supplied] *Tierney* v. *New York Dugan Bros.*, 288 N. Y. 16, 19; see *Long* v. *City of Dunkirk*, 260 N. Y. 599; *Mysliwiec* v. *Lowenthal Co.*, 280 App. Div. 852; *Gibaldi* v. *South Brooklyn Sav. Bank*, 264 App. Div. 772). However, the construction materials involved in this accident were not inherently dangerous, but became so only upon the intervention of causes not within the range of reasonable expectation (cf. *Beickert* v. *G. M. Labs.*, 242 N. Y. 168; *Perry* v. *Rochester Lime Co.*, 219 N. Y. 60; *Hall* v. *New York Tel Co.*, 214 N. Y 49; *Beetz* v *City of Brooklyn*, 10 App. Div. 382). Wenzel, Acting P. J., Beldock, Ughetta, Hallinan and Kleinfeld, JJ., concur.

■ PEGGY-ANN KENT-VAN WERTH, Appellant, v. TWENTIETH CENTURY FOX FILM CORPORATION et al., Respondents.— Appeal (1) from an order which granted respondents' motion to dismiss the complaint, on the ground that it failed to state facts sufficient to constitute a cause of action and on the further ground that the cause of action was barred by the Statute of Limitations, and (2) from the judgment entered thereon. The motion to dismiss was made on a further ground that appellant, a beneficiary under a testamentary trust, did not have legal capacity to sue, but the Special Term did not pass upon that ground. Appellant contends her cause of action is based on fraud; respondents contend it is based on a contract. Order and judgment unanimously affirmed, with one bill of $10 costs and disbursements. No opinion. Present — Nolan, P. J., Beldock, Ughetta, Hallinan and Kleinfeld, JJ. [16 Misc 2d 870.]