## SLEDGE *v.* GAYOSO HOTEL CO.

*(Circuit Court, W. D. Tennessee.* August 26, 1890.)

DEMURRER—PLEADING—NEGLIGENCE.

The court should not assume, upon the bare and necessarily brief statements of a pleading, to decide the fact of original or contributory negligence. If the pleading be technically sufficient in its averments, and it be not clear upon those technical averments that there was not negligence, the question should be reserved for the trial, and a demurrer seeking prematurely the judgment of the court will be, of course, overruled.

At Law. On demurrer to the declaration.
*Gantt & Patterson,* for plaintiff.
*Turley & Wright,* for defendant.

HAMMOND, J. This is a suit for an injury to the plaintiff's foot, sustained by the working of the hotel elevator, which injury, the declaration alleges, was caused by the negligence of the defendant, and without fault on the part of the plaintiff. The declaration undertakes to set out briefly the facts relied on to constitute negligence, in a narrative mode, and, among other things, states that the plaintiff entered the open door of the elevator, whereupon the conveyance began to ascend of its own accord, there being no conductor in charge, and the plaintiff, attempting to get out, was injured. The demurrer insists that the declaration, on its face, shows contributory negligence—*First,* by entering the elevator while the conductor was absent; and, *secondly,* by attempting to leave it when the ascent commenced. But the second ground of demurrer seems to be abandoned, since only the first is submitted by the brief of defendant's counsel.

The declaration goes farther, perhaps, than it need to have gone under our system of pleading, in stating the facts so specifically; but, waiving that altogether, and under any system, it is always injudicious for a court to undertake, as a matter of mere pleading, to determine a question of negligence, either original or contributory, in any case where the declaration or plea contains a substantial cause of action or defense. Negligence is a mixed question of law and fact, sometimes largely depending upon inferences to be drawn wholly by the jury, and for the court to assume to decide them upon the necessarily brief statements of the conclusions of fact found in a pleading would be to usurp the function of the jury, or at least to trench upon it with insufficient knowledge of the

facts. It depends more upon the evidence than upon the conclusions from it found in the pleadings on either side. It has been our uniform practice, therefore, to decline to decide the question of negligence in cases like this, upon demurrer, if the declaration or plea be technically sufficient, taken as a whole, and only as a pleading, and not as a deposition or evidential statement of facts, which neither, certainly, is intended to be. Just as in this case, it is quite a bare assumption to say that it is, in all cases and under all circumstances, contributory negligence to enter an open elevator at an hotel when the conductor is away; and that is necessarily the ground of this demurrer, because the declaration, in its statement of facts, discloses no other circumstances whatever relating to that act of the plaintiff. Under some circumstances it might be the grossest negligence to enter an elevator while the conductor was away, even through an open door, and under others it might not be, possibly; and this is a question for the jury on the evidence in each particular case, or possibly for the court when all the evidence is in; but certainly it is not a question of law upon the pleadings, if the pleading be otherwise sufficient, as it is here, where it charges generally that the injury was done by the negligence of the defendant, and without the fault of the plaintiff. We all know that hotel elevators are provided with seats to be occupied by the guests; and suppose one should remain seated while the conductor, from some emergency, should leave his post, would that be negligence? Possibly not, and yet, under some circumstances, it might be negligence not to leave the seat and the elevator. So, as to entering it, one might do so without negligence, under some circumstances, and we cannot say, in the face of the declaration here, what the particular circumstances were. That this is the proper practice seems reasonable upon the authorities. 2 Thomp. Neg. p. 1235 et seq., §§ 10–13; Id. §§ 23, 26; Id. §§ 36, 37. In _Railroad Co._ v. _Crist_, 116 Ind. 446, 19 N. E. Rep. 310, the court says:

"We do not decide, of course, that the negligent breach of a * * * duty not constituting a willful tort would make the defendant liable, if the plaintiff's negligence contributed to the injury, * * * but what we do decide is that the character of the duty, and the nature of the place where the injury was received, are important factors in the solution of the problem."

And it was there held that knowledge of a danger or an unsafety does not always, and under all circumstances, preclude a recovery as a matter of law arising in the pleadings. This case cites many recent and leading authorities on this subject of the knowledge of a danger being contributory negligence, from which it appears that it is not an absolute rule, as this demurrer assumes, that it is contributory negligence always to take the risk of a known danger. At all events, we cannot decide it on a demurrer to a declaration in a case like this, but reserve it for the trial.

Demurrer overruled.