MORRIS et al. v. BOLLING.

218 S. W. (2d) 754.

Eastern Section.   July 14, 1948.

Petition for Certiorari denied by Supreme Court, March 11, 1949.

Curtin & Haynes, of Bristol, for plaintiffs in error.
Lyle Burrow, of Bristol, for defendant in error.

HOWARD, J.    The parties will be referred to as they appeared in the Court below.

This is an action in which the plaintiff, W. I. Bolling, obtained a judgment in the Law Court at Bristol against defendants, Henry M. Morris and Harvey Knight, partner, doing business as the Checker Cab Company for the sum of $900.00 for damages to Bolling's automobile.

The first count of plaintiff's declaration reads as follows:

"The Plaintiff sues the Defendants for $1000.00, as damages and for his cause of action shows the following:

"That heretofore to wit on or about the——day of May, 1947, Plaintiff was the owner of a Plymouth Sedan Automobile which was parked on Pennsylvania Avenue, in the City of Bristol, Tennessee, in a lawful manner and at a place where it had a lawful right to be, when his said automobile was struck with great force and violence by an automobile owned and being operated in a careless, negligent and unlawful manner at a high and dangerous rate of speed in violation of the laws of the State of Tennessee and the Ordinances of the City of Bristol,

Tennessee and in utter disregard of the rights of persons and their property lawfully on the street.

"Plaintiff avers that said collision and the resulting damages to his property were due to the wrongful negligence of the defendants through their agents and servant in that the driver of defendant's taxi picked up an intoxicated man for the purpose of taking him home and while said intoxicated person was in the taxi he was left in the taxi alone while the driver delivered a package into a house. Said driver negligently left the car motor running or left the keys in the car while he delivered the package and said intoxicated man took charge of the car and drove it up Pennsylvania Avenue in a wild, careless and unlawful manner as aforesaid and into the automobile belonging to Plaintiff with the result that his automobile was wrecked and completely demolished to his damage $1,000.00, for which he sues and demands a jury to try the issues."

Defendants interposed a demurrer to the first count of plaintiff's declaration and filed a plea of general issue to the second count.

In their demurrer to the first count of the declaration, defendants insisted that the declaration did not allege at the time of the accident that defendants' taxicab was being driven by a servant or employee of defendants; that the declaration did not show that the taxicab was on business for the defendants; that there is no allegation of negligence on the part of defendants, their agent, servants, or employees; that the declaration shows that the accident was caused by the intervening act of a third party for which defendants would not be responsible.

██ Our Courts have consistently declined to decide the question of negligence upon demurrer where plain-

tiff's declaration is technically sufficient. Sledge v. Gayoso Hotel Co., C. C., 43 F. 463. We think that the trial judge correctly overruled the defendants' demurrer since plaintiff's declaration shows a substantial cause of action. Code Section 8729; Jackson v. B. Lowenstein & Bros., Inc., 175 Tenn. 535, 542, 136 S. W. (2d) 495; Wheeler v. City of Maryville, Tenn. App., 203 S. W. (2d) 924.

Upon the demurrer being overruled the defendants filed a plea of general issue to the first count of the declaration, and at the conclusion of all the evidence, the defendants made a motion for a directed verdict, which the trial Court denied.

After judgment defendants seasonably filed a motion for a new trial which the trial judge overruled and defendants have appealed in error to this Court.

The facts of the case are not in dispute and are as follows:

On May 16, 1947, John R. Baumgardner, driver of one of defendants' taxicabs, picked up a passenger in down town Bristol by the name of Bruce Dowell, who operated a restaurant across the street from the Checker Cab Company, for the purpose of taking him home at 1103 Shelby Street. Instead of going the regular and quickest route to the Dowell home, Baumgardner decided to go out of his way to deliver some packages at 135 East State Street, and so he took Dowell with him. When Baumgardner parked his cab by the curb in front of the East State Street address, he shut off his motor but left the key in the ignition switch. He said that when he left the cab to go into the apartment to deliver the packages, Dowell appeared to be asleep or had passed out from drinking too much whiskey, because he was

slumped down in the front seat. Upon his return after having made the deliveries Baumgardner found that his cab was gone, and the next time he saw it it was on Pennsylvania Avenue where it had run into and wrecked plaintiff's 1940 Plymouth automobile which was properly parked. Defendants' cab had also struck and damaged another parked car owned by Mrs. C. S. Currier.

Dowell did not work for the Cab Company and did not have permission to drive the cab, and Baumgardner said that when he left the key in the switch it never occurred to him that Dowell might attempt to drive the cab. Witnesses at the scene of the accident testified that Dowell drove the cab and was in an intoxicated condition.

It is insisted on behalf of the defendants that the act of their driver in leaving the key in the switch of the cab with Dowell drunk and asleep on the front seat was not negligence and was not the proximate cause of the accident; that the intervening act of Dowell in starting the cab while their driver was away absolves the defendants of liability for the damages plaintiff suffered; that the negligent manner in which Dowell drove the cab was the proximate cause of the accident.

██ Vol. 38 Am. Jur., Sec. 70, page 726 refers to causes anticipated or reasonably foreseeable, as follows:

"The rule that the causal connection between a person's negligence and an injury is broken by the intervention of a new, independent, and efficient intervening cause so that the negligence is not actionable, is subject to the qualification that if an intervening cause was foreseen or reasonably might have been foreseen by the wrongdoer, his negligence may be considered the proximate cause of an injury, and he may be held liable, notwithstanding the intervening cause. The intervention of

independent intervening causes will not break causal connection if the intervention of such forces was itself probable or foreseeable. Any number of causes and effects may intervene between the first wrongful cause and the final injurious consequence; and if they are such as might, with reasonable diligence, have been foreseen, the last result, as well as the first, and every intermediate result, is to be considered in law as the proximate result of the first wrongful cause. The theory is that negligence continues and operates contemporaneously with an intervening act which might reasonably have been anticipated, so that the negligence can be regarded as a concurrent cause of the injury inflicted, which, as hereinbefore stated, is a cause which the law regards as responsible."

We were unable to find any cases on the precise question presented here. Courts in other states have decided that where an owner or his agent leaves an automobile unattended with the key in the ignition in violation of a statute or ordinance and a thief drives the automobile away and negligently injures plaintiff or causes property damage, the defendant's violation of the statute or ordinance has been held to be negligence and constituted "proximate cause" so as to render defendant liable in damages therefor. Ostergard v. Frisch, 333 Ill. App. 359, 77 N. E. (2d) 537, and cases cited; Schaff et al. v. R. W. Claxton, Inc., 79 U. S. App. D. C. 207, 144 F. (2d) 532.

In Schaff et al. v. R. W. Claxton, Inc., supra, there was an ordinance in the District of Columbia prohibiting the leaving of an unlocked automobile in a public place. The driver of the defendant's truck left the truck with the keys in it in a parked space beside a restaurant to

which he was delivering goods, and some of the restaurant's employees drove off in the truck and injured plaintiffs. The Trial Court directed a verdict in favor of the defendant and plaintiffs appealed and the U. S. Court of Appeals of District of Columbia in reversing and remanding the case said that the questions of whether the driver was negligent in leaving the truck unlocked and whether negligence was the proximate cause of the accident were for the jury.

In Garis v. Eberling, 18 Tenn. App. 1, 71 S. W. (2d) 215, 216, a child was killed while playing in defendant's yard when defendant's automobile which was parked on an incline and on which the child was sitting started to move and ran over her when she jumped off the trunk. This Court in affirming the judgment for plaintiff held that the question of proximate cause of deceased's death was a jury question. On the issue of an intervening cause the Court said:

"Mere fact that intervention of responsible human being can be traced between defendant's wrongful act and injury complained of will not absolve defendant; general rule being that one doing wrongful act is answerable for all consequences ensuing in ordinary course of events, though such consequences are immediately and directly brought about by intervening cause, if such intervening cause was set in motion by original wrongdoer, or was only condition through which negligent act operated to produce injurious result."

In Fairbanks, Morse & Co. v. Gambill, 142 Tenn. 633, 222 S. W. 5, 7, our Supreme Court said:

"The general rule is that what is the proximate cause of an injury is a question for the jury; the court instructing them as to what the law requires to constitute it, and

the jury applying the law to the facts. But whether the question is one to be determined by the jury depends on the facts of each case. Thus where the facts of the particular case are controverted, and are of such a character that different minds might reasonably draw different conclusions therefrom, a question of facts is presented properly determinable by the jury.''

''To the same effect is the rule where an independent intervening efficient cause is relied on by the defendant.''

''In determining what is proximate cause, the true rule is that the injury must be the natural and probable consequence of the act—such a consequence as, under the surrounding circumstances of the case, might and ought to have been foreseen by the wrongdoer as likely to flow from his act.''

█ In Deming v. Merchants' Cotton-Press & Storage Co., 90 Tenn. 306, 17 S. W. 89, 99, 13 L. R. A. 518, our Supreme Court declared:

''The proximate cause of an injury may, in general, be stated to be that act or omission which immediately causes or fails to prevent the injury; an act or omission occurring or concurring with another, which had it not happened, the injury would not have been inflicted''.

█ The rule is well established in this State that if an injury occurs from two causes, both due to the negligence of different persons, but together constituting an efficient cause, all persons whose acts contribute to the injury are liable therefor, and the negligence of one does not excuse the negligence of the other.

██ It being common knowledge that the acts of a drunken person are unpredictable, the issue of whether the agent or driver of defendants' cab was negligent by going off and leaving the key in the switch with a drunken

passenger alone on the front seat of the cab was a jury question. Also, the issues of whether the defendants' agent under the circumstances might or ought to have foreseen the result of his acts and whether said acts contributed to the damages plaintiff sustained were jury questions and not issues to be determined by the Court as matters of law, they being questions about which men of reasonable minds would differ. Fairbanks, Morse & Co. v. Gambill, supra; Southeastern Greyhound Lines v. Groves, 175 Tenn. 584, 136 S. W. (2d) 512, 127 A. L. R. 1378; Campbell v. Campbell, Tenn. App., 199 S. W. (2d) 931; Fields v. Gordon, Tenn. App., 203 S. W. (2d) 934. And, too, since the acts of defendants' agent were responsible for the risk, it would be only just that defendants should be held responsible for the harm rather than to deny a remedy to the plaintiff, an innocent party, who had properly parked his automobile.

■■ We think Special Request No. 2 was included in the trial judge's general charge to the jury and that Special Request No. 1 was properly refused because it omits to include the statement that if the original actor should reasonably have foreseen or anticipated the occurrence of the intervening negligent act of another, the intervening act will not relieve the original actor of the consequences. Vol. 38 Am. Jur., supra; Fairbanks, Morse & Co. v. Gambill, supra. The refusal to charge a special request is not reversible error unless the request is accurate and complete—Kroger Grocery & Baking Co. v. Addington, 18 Tenn. App. 191, 74 S. W. (2d) 650; Richards v. Parks, 19 Tenn. App. 615, 93 S. W. (2d) 639.

Finding no reversible error in the trial below, all assignments of error are overruled, and the judgment will be affirmed at defendants' costs.

McAmis and Goodman, JJ., concur.