# THOMAS BARRETT v. DONA REED et al. —327 S. W. (2d) 68.

Eastern Section.   January 8, 1959.

Certiorari Denied by Supreme Court July 27, 1959.

266

Bandy & Lyle, Kingsport, for plaintiff in error.

Stacy Grayson, Bristol, for defendants in error.

HOWARD, J. In these consolidated actions the parties will be referred to as they appeared below.

On August 13, 1957, the plaintiff, Dona Reed, a housewife, sustained personal injuries when the automobile she was driving was struck head-on by another automobile owned by the defendant, Thomas Barrett, and driven by his codefendant, Arthur W. Lindamood, age 15, an unlicensed driver. The accident occurred on the Carden Hollow Road just west of Bluff City, Tennessee, at about 11 o'clock A.M. This road, which has a gravel surface, runs east and west, and was described as being approximately 16 feet wide. It was dry and the weather clear at the time. Plaintiff was driving her husband's 1956 Chevrolet 2-door Sedan in an easterly direction toward Bluff City, and the collision occurred on her side of the road, both cars being virtually demolished by the force of the impact. Both plaintiff and her husband, Clarence E. Reed, sued said defendants for damages, the wife suing for personal injuries, and her husband suing for property damages, loss of his wife's services, and medical bills.

In her three count declaration Dona Reed alleges in substance that the owner of the offending car was negligent in permitting an unlicensed and inexperienced minor to drive his automobile, and that said minor was guilty of common law negligence and statutory violations at the time of the collision.

And in a two count declaration Clarence E. Reed alleges that the accident was the result of the negligence of the defendant driver of an automobile "owned by the defendant Thomas Barrett."

To each of the declarations, the defendants filed pleas of not guilty.

At the conclusion of all the proof the defendant Barrett moved for peremptory instructions in both cases, which motion was overruled, and the trial resulted in jury verdicts in favor of both plaintiffs against both defendants, as follows: For Dona Reed, $2,000, and for her husband, Clarence E. Reed, $2,500.

Motion for a new trial was filed by the defendant Barrett, which was overruled, and this appeal in error was prayed, granted and perfected as to him.

It appears that on the date of the accident the defendant, who is a painter by trade, and his nephew, William Barrett, were painting the residence of Mr. and Mrs. Afton Lindamood, parents of the minor defendant Arthur W. Lindamood; that sometime during the morning while Arthur's parents were away from home, he borrowed the defendant's car to go to a nearby store to get some cigarettes; that after returning from the store Arthur was asked by the defendant if he had a license to drive, to which Arthur replied "No" that he was only 15 years old; that shortly thereafter Arthur went to defendant's car and started playing the radio, when he was told by defendant that he would run the battery down unless the motor was running; that Arthur then requested defendant's permission to drive the car to the barn where he promised to fill the gas tank from his father's gasoline pump, so that he could continue to play the radio; that upon granting this request, the defendant specifically instructed Arthur not to take the car out on the public highway; that after obtaining possession of the car, Arthur did not drive straight to the barn, but instead he drove out over a back road to the Carden Hollow Road where the accident occurred about one-half mile away;

that his estimated speed immediately prior to the accident was from 65 to 70 miles per hour, and his wheels skidded approximately 75 feet before the impact; that following the accident the defendant, in the presence of Mrs. Reed, said to Arthur, "I wouldn't have let you have my car if I had known you would tear it up"; that Arthur's previous driving experience consisted of driving a truck around on the farm, and occasionally driving the family car on the highway when accompanied by an adult.

Defendant admits that his first four assignments of error present but a single issue, namely: Is the owner of an automobile liable for damages for the negligence of an unlicensed and inexperienced driver, a minor 15 years old who, at the time, did not have the owner's permission to drive upon the public highways?

As a general rule, one who lends or entrusts his automobile to a known incompetent or inexperienced driver is liable for damages to persons injured by the negligence of such driver, although the use being made of the vehicle at the time of the injury was beyond the scope of the owner's consent. Nicholson Const. Co. v. Lane, 177 Tenn. 440, 150 S. W. (2d) 1069; Reid v. Messer, 33 Tenn. App. 255, 231 S. W. (2d) 400; Rowan v. Sauls, 195 Tenn. 573, 260 S. W. (2d) 880; 60 C. J. S. Motor Vehicles sec. 431, pages 1057 et seq.; 5A Am. Jur. Sec. 580, pp. 590 et seq.; Annotation 168 A. L. R. 1366.

The applicable rule is stated in the headnote of the annotation in 168 A. L. R. at page 1366, as follows:

"The following later cases support or apply the general rule that the owner of a motor vehicle who places or entrusts the vehicle in the hands of an

incompetent or unfit person, thereby enabling the latter to drive it, knowing, or from the circumstances being charged with knowledge, that such driver is incompetent or unfit to drive, may be held liable for an injury negligently inflicted by the use made thereof by that driver as a proximate result of his incompetency or unfitness, although the use being made of the vehicle at the time of the injury was beyond the scope of the owner's consent.''

Included in the numerous cases supporting the above rule is the above case of Nicholson Const. Co. v. Lane.

■ The rule is well established in this State that if an injury occurs from two causes, both due to the negligence of different persons, but together constituting an efficient cause, all persons whose acts contribute to the injury are liable therefor, and the negligence of one does not excuse the negligence of the other. Morris v. Bolling, 31 Tenn. App. 577, 218 S. W. (2d) 754.

■ It being common knowledge that the acts of an immature person are unpredictable, the issue of whether the defendant owner was negligent in knowingly entrusting his automobile to his codefendant, an inexperienced and unlicensed 15 year old boy, was for the determination of the jury. Likewise, the issues of whether the defendant, under the circumstances, might or ought to have foreseen the result of his act, and whether said act contributed to the damages plaintiffs sustained, being matters about which men of reasonable minds would differ, were also for the determination of the jury and not questions of law for the Court. Morris v. Bolling, supra; Southeastern Greyhound Lines v. Groves, 175 Tenn. 584, 136 S. W. (2d) 512, 127 A. L. R. 1378; Campbell v. Camp-

bell, 29 Tenn. App. 651, 199 S. W. (2d) 931; Fields v. Gordon, 30 Tenn. App. 110, 203 S. W. (2d) 934.

Here the defendant's liability rests not upon ownership alone, but on his and the driver's combined negligence, negligence of the former in entrusting the vehicle to an irresponsible and inexperienced driver, and the negligence of the latter in its operation.

■ Next the defendant complains because of the trial judge's refusal to charge his special request No. 2. As indicated by the trial judge, the substance of the request was included in the general charge, and his refusal under the circumstances was not error. Central Truckaway System v. Waltner, 36 Tenn. App. 202, 253 S. W. (2d) 985; Jones v. Noel, 30 Tenn. App. 184, 204 S. W. (2d) 336.

Finally, it is urged that the trial judge should have sustained defendant's motion in arrest of judgment made after motion for a new trial, because the declaration of the plaintiff Clarence E. Reed failed to aver sufficient facts to constitute a cause of action.

As appears, the two count declaration filed on behalf of the above plaintiff sues both defendants, Thomas Barrett and Arthur W. Lindamood, for the sum of $5,000. The declaration then alleges that plaintiff's wife was operating his car on a narrow country road designated as the Carden Hollow Road; that she was driving in a safe and cautious manner on her right-hand side of the road when she saw the defendant Lindamood meeting her in a car owned by the defendant Thomas Barrett; that said car, which was being driven at a high and dangerous rate of speed, from 60 to 70 miles per hour, was out of the driver's control, and struck plaintiff's car,

demolishing it to such an extent that it is of no value except for junk.

In his second count the plaintiff adopts all the averments in his first count, and then "avers that by reason of the defendants, and each of them, operating their car in such a gross, heedless and negligent manner upon the highways of Sullivan County, Tennessee, and exceeding the speed limit and hitting the wife of plaintiff while she was on her own side of the road, the plaintiff has paid or become obligated for hospital and doctor bills. That he lost the services of his wife for several weeks, so that he was forced to do the housework and wait upon her. That he is advised and believes that he will have to continue to help her because of her disability, and that he has been deprived and will continue to be deprived of her services."

■ Admittedly the declaration was poorly drawn, but does it wholly fail to state a cause of action? We think not. Moreover, the defendant neither demurred thereto, nor does he claim prejudice or surprise. On the other hand, he admits that the question is purely technical. Nor does he insist that the defect was not cured by the proof and the verdict.

■ The rule is well settled that where a declaration contains a defect, either in substance or form, that would have been fatal on demurrer, yet if on the trial the issues required proof of the facts so defectively stated or omitted, the defect is cured by the verdict or the judgment. James v. Williams, 169 Tenn. 41, 82 S. W. (2d) 541; Magevney v. Karsch, 167 Tenn. 32, 65 S. W. (2d) 562, 92 A. L. R. 343; Morriss Bros. v. Bowers, 105 Tenn. 59, 58 S. W. 328; Memphis Gayoso Gas Co. v. Williamson,

56 Tenn. 314; Read v. Memphis Gayoso Gas Co., 56 Tenn. 545.

It results that we find no merit in the appeal. Therefore, all assignments of error are overruled, and the judgment is affirmed at plaintiff-in-error's costs.

McAmis, P. J., and Hale, J., concur.