RUTH NICHOLS v. EDGAR GIVENS and SUE
CHARLSTON and husband CLOYD A. CHARLSTON.
—358 S. W. (2d) 480.

Middle Section. February 2, 1962.

Certiorari Denied by Supreme Court April 4, 1962.

654

C. R. Jent, Lafayette, Solon Fitzpatrick, Carthage, for plaintiff in error.

Yelton & Chamberlain, Lafayette, Harold Howser, Gallatin, for defendant in error.

SHRIVER, P. J. (M.D.) The parties will be referred to as plaintiff and defendants as they appeared in the Court below.

I

The plaintiff, Ruth Nichols, sued the defendants Edgar Givens, Sue Charlston and Cloyd A. Charlston, jointly and severally, for personal injuries in the sum of $15,-000.00 and for cause of action alleged;

That on or about the 24th day of August 1960, within the city limits of Lafayette, Macon County, Tennessee, the plaintiff was riding as a guest in the car of Edgar Givens, occupying the back seat, together with other passengers and they were proceeding in the direction of the town from an industrial plant where they were employed and were in a line of traffic when the defendant Givens, who was driving, stopped the automobile near the intersection of Tennessee Highway 52, or had come almost to a stop, when a car driven by the defendant Sue Charlston and belonging to her husband Cloyd A. Charlston, negligently drove into the back of the Givens car in which plaintiff was riding. Thereupon, the defendant, Givens, negligently backed his automobile into and against the front of the Charlston car.

As the result of the combined negligence of defendants in the operation of said two cars and the collisions resulting therefrom, plaintiff received injuries to her back and neck from which she suffered and has continued to suffer ever since. She was carried to the Smith-Chitwood Hospital in Lafayette where she remained overnight and, on the following day her condition having grown worse, she was removed to the Baptist Hospital in Nashville where she remained for two weeks.

It is alleged that she received a ligamentous strain of the neck and back which required her to be hospitalized for a considerable length of time and has resulted in her having to wear back and neck supports ever since and she has incurred large doctor and hospital bills and has been permanently disabled.

Defendants filed pleas of not guilty and the cases came on to be heard on March 21, 1961 when they were tried

together by agreement before Judge John A. Mitchell and a jury and resulted in a verdict and judgment for $3,250.00 in favor of the plaintiff against all the defendants.

The motion for a new trial was overruled and an appeal in error was perfected to this Court on behalf of defendant Edgar Givens and assignments have been filed by him, but no appeal was perfected by defendants Sue Charlston and husband.

## II

### Assignments of Error

There are three assignments as follows:

1. That there is no evidence to support the verdict of the jury.

2. The Court erred in overruling the defendant's motion to direct a verdict in his behalf at the conclusion of all the evidence because plaintiff in her testimony exonerated the defendant Edgar Givens of the negligence charged in the declaration against him, therefore, plaintiffs are estopped to prove the negligence of Edgar Givens by other witnesses.

3. The Court erred in overruling the motion for a directed verdict at the conclusion of the evidence because the evidence showed that there were two separate distinct and unconnected acts of the defendants, therefore, it was speculative and conjectural which act caused the plaintiff's injuries or what each contributed thereto and the jury should not have been allowed to speculate and furthermore, the proof shows that the negligence was not concurrent and plaintiff cannot recover on combined negligence.

## III

■ Assignment No. 1, that there is no evidence to support the verdict of the jury, we think is not good and it is, accordingly, overruled.

■ As to assignment No. 2, we agree with counsel for the plaintiff that the testimony of plaintiff was to the effect that she did not know whether defendant Givens backed or bumped into the defendant Charlston's car after the Charlston car had bumped into the Givens car.

Plaintiff seems to have been confused at this point and was unable to state positively whether such action on the part of defendant Givens did take place. The effect of her testimony was that she did not recall a second bump.

Under these circumstances, we think the cases cited and relied on by counsel for defendant, including Wagner v. Niven, 46 Tenn. App. 581, 332 S. W. (2d) 511, are not controlling.

Assignment No. 2, is, accordingly, overruled.

Assignment No. 3, raises the question of the joint judgment against defendants for acts separately done by them producing injury to the plaintiff.

In order to understand the positions taken by the respective parties with regard to this assignment it is necessary to discuss briefly the facts developed by the proof.

The preponderance of the evidence is to the effect that defendant Givens was driving along in a line of traffic and came to the intersection of Highway 52 where there was a stop sign, and that he ran somewhat past this sign

before he came to a stop, or almost to a stop, at which time the car driven by defendant Mrs. Charlston bumped into the rear of his car.

Mr. Givens got out of his car and walked around to the rear to see what, if any, damage had been done to his car or to that of Mrs. Charlston. Mrs. Charlston asked him if there was any damage and he responded that there was not any to amount to anything. He then returned to his own automobile and drove away.

At this point there is a dispute, Mr. Givens vigorously denies that he either rolled back against the car of Mrs. Charlston or that he put his car in reverse and bumped into her car. However, Mrs. Charlston and several other witnesses who were present in her car all testified positively that Mr. Givens did back into the car of Mrs. Charlston, although none of them thought that it was a serious collision, and, thereupon, Mr. Givens drove away.

The Givens car had proceeded only a short distance when the plaintiff, Mrs. Nichols, began to complain of pain in her neck and back and, by the time they had reached the square, she was apparently suffering so intensely that they took her to the hospital. Apparently, none of the other passengers were injured but, according to the doctor's testimony, even a comparatively slight impact can sometimes cause a strain such as the one she complains of, and there seems little or no doubt but that she did, in fact, receive an injury.

It is insisted by counsel for the defendant, Gviens, that, not only did Mrs. Nichols fail to testify that he bumped into the Charlston car after the first impact in which Mrs. Charlston drove into the back of Givens' car, but, it is said that if he did, in fact, back into the

car of Mrs. Charlston it was an entirely separate collision from the first and that, as a matter of law, this did not constitute concurrent negligence on the part of the two defendants.

However, under another aspect of the matter, we think the jurors were not required to speculate in order to arrive at the conclusion they reached and that the question whether there were two separate accidents is immaterial.

It must be pointed out that several witnesses testified that Mr. Givens drove past the stop sign at the intersection of Highway 52 before he came to stop or a near stop. Mrs. Charlston, after describing how the accident happened and the fact that defendant Givens got out of his car and came back and spoke to her then got back in his car and put his car in reverse and backed into her automobile, stated as follows:

"But it wasn't a car in front of him, either. It wasn't anything that would cause him to stop in front of me like he did, I thought he had already gone on while I was looking up the Highway to see if anything was coming, and he had stopped and I had hit him in the back, and I asked him if anything was hurt, if there was anything wrong, and he said 'No, I reckon not' and he looked at the back of his car, and got back in it, and backed into me and come on towards town."

On cross examination, Mrs. Charlston testified that part of the Givens car had passed by the stop sign and that she thought that he was going on out into traffic; that there was no car in front of him to cause him to stop and that, at that point, she looked back to her left

to see if she could also go into the traffic safely when defendant Givens stopped suddenly without any warning, or without giving any signal, and that this resulted in her bumping into the rear of his car.

Thus, it is seen that, from this evidence, the jury might have concluded that defendant Givens was guilty of proximate negligence in stopping suddenly in the line of traffic in front of Mrs. Charlston's car without giving a signal when he had passed the stop sign and was, apparently, proceeding out into Highway 52. If the jury reached such conclusion, as it might well have done, then the combined or concurrent negligence of Mr. Givens in thus stopping without giving a signal and of Mrs. Charlston in looking to her left and not keeping a proper lookout ahead, may have been considered to be the concurring causes of the injuries received by the plaintiff. Thus, there is evidence to support the judgment regardless of whether the jury believed that Mr. Givens backed into the car of Mrs. Charlston and, thereby, caused an injury to the plaintiff or not.

█ In any event, the jury rendered a general verdict against both defendants with evidence to support it and defendant, Givens, is not in position to complain of the judgment against the other defendants.

> "Where there were two causes which proximately contributed to plaintiff's injuries, for only one of which defendant was responsible, and with the other of which neither he nor the plaintiff was chargeable, defendant is liable for all of such injuries to the same extent as if they had been caused by his negligence alone. Columbia & Big Bigby Turnpike Co. v. English, 139 Tenn. 634, 202 S. W. 925; Schrader v.

Kentucky-Tennessee Light & Power Co., 157 Tenn. 391, 402, 8 S. W. (2d) 495; Rhoten v. Burton, 2 Tenn. App. 164, 171; Yarbrough v. L. & N. R. R. Co. 11 Tenn. App. 456, 469.'' Waller v. Skeleton, 31 Tenn. App. 103, 212 S. W. (2d) 690, 696.

'' ' ''If the concurrent or successive negligence of two persons, combined together, results in an injury to a third person, he may recover damages of either or both, and neither can interpose the defense that the prior or concurrent negligence of the other contributed to the injury.'' 1 Thomp. Neg., sec. 75.' Justice Caldwell, in Coleman v. Bennett, 111 Tenn. 705, 712, 69 S. W. 734, 735.'' Yellow Cab Company v. Pewitt, 44 Tenn. App. 572, 316 S. W. (2d) 17.

''The rule is well established in this State that if an injury occurs from two causes, both due to the negligence of different persons, but together constituting an efficient cause, all persons whose acts contribute to the injury are liable therefor, and the negligence of one does not excuse the negligence of the other. Morris v. Bolling, 31 Tenn. App. 577, 218 S. W. (2d) 754.'' Barrett v. Reed, 46 Tenn. App. 265, 327 S. W. (2d) 68-70.

It results that the assignments of error are overruled and the judgment of the trial Court is affirmed.

Affirmed.

Humphreys, J., and Crownover, Special Judge, concur.